**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LORETTA PARRISH,**

            **Plaintiff,**

**-vs-**                                                    **Case No. 6:06-cv-34-Orl-31KRS**

**GUARANTY NATIONAL INSURANCE**
**COMPANY, COLONIAL INSURANCE**
**AGENCY, INC. and UNITED AMERICAN**
**BANK OF CENTRAL FLORIDA,**

            **Defendants.**

## ORDER

This matter comes before the Court on the motion to dismiss (Doc. 8) filed by Defendant Guaranty National Insurance Company ("Guaranty") and the response (Doc. 19) filed by the Plaintiff, Loretta Parrish ("Parrish"). The background to this dispute is set forth in the order (Doc. 27) granting the motion to dismiss filed by Defendant United American Bank of Central Florida, n/k/a Colonial Bank, N.A. ("Colonial Bank").

When Colonial force-placed insurance on Parrish's property, Guaranty sent her a document (the "certificate of insurance") entitled "Declarations" that indicated coverage in the amount of $425,000 with an annual premium of $10,497.50. (Doc. 2 at 36). Both Plaintiff (as mortgagor) and Colonial Bank (as mortgagee) were listed as named insureds. (Doc. 2 at 36). At the bottom of the page, a note states: "This is not a policy of insurance, but a certificate of insurance certifying coverage under the master policy number shown on the declaration page issued to the financial

institution.[1]  Complete policy information available upon request." (Doc. 2 at 36). The certificate of insurance also contains a "summary of coverages" with the caveat that:

> This certificate is issued in order to protect the interest of the lender. In certain circumstances your interest may be protected. This notice is a condensed version of the master policy issued to the lender. It is a summary of coverage provided under the master policy. It does not contain all of the terms and conditions of the master policy. You can review the master policy at the lender's address shown on the certificate of insurance.

(Doc. 2 at 36).

Guaranty contends that, notwithstanding the language of the certificate of insurance, Parrish was not an insured under the master policy. In support, Guaranty attaches to its motion a document (Doc. 8-2) that it claims is the master policy referred to in the Declarations. That document purports to insure Colonial Bancgroup, Inc., et al, as insured mortgagee, under master policy number OTG1470035. (Doc. 8-2 at 2). The document contains a number of "General Provisions," the fourth of which limits coverage to the mortgagee's interest in the property. (Doc. 8-2 at 4).

Parrish, however, disputes the authenticity of this document and contends that it cannot be considered in the context of a motion to dismiss. Since the "master policy" is not within the four corners of the Complaint and is not self-authenticating, it cannot form the basis for dismissal of Plaintiff's Complaint. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("Our Rule 12(b)(6) decisions have adopted the 'incorporation by reference' doctrine . . . under which a document attached to a motion to dismiss may be considered by the court without converting the motion into

---

[1] The document attached to Plaintiff's Complaint is the mortgage company copy and refers to master policy number 0TG1470035.

one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.").

Parrish has plead the existence of an insurance contract (as summarized in the certificate of insurance sent to her) which ostensibly covered her interest as mortgagor in the amount of $425,000.  While reference to provisions of the master policy may ultimately undermine her claim, dismissal at this stage is inappropriate.  Accordingly, it is

**ORDERED** that motion to dismiss filed by Guaranty National Insurance Company (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 8, 2006.

                                                GREGORY A. PRESNELL
                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party